# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**In re:**

**Angela Downey Birosh,**                                    **Bankr. No. 24-41479**

**Debtor.**                                                          **Chapter 13**

---

## MOTION TO DISMISS

---

### NOTICE

The Acting United States Trustee for Region 12 ("UST") has requested that the Court dismiss this case at noon on July 1, 2024, or as soon thereafter as the transaction may be completed, and subject to objection or response under applicable rules.

### OBJECTION, MOTION, HEARING

Under applicable rules, any response must be in writing, be served on the UST, and be filed with the clerk, not later than 12:00 noon on the day set forth above. A response may consist of filing the missing documents set forth in this motion or by filing an objection to the merits of this motion. If a response is timely served and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. If a response is made or an order is required, the undersigned moves the Court for such orders as may be necessary or appropriate.

### EXPEDITED RELIEF

The UST requests expedited relief pursuant to Local Rule 9006-1(e). Pursuant to 11 U.S.C. §521(a)(1)(B)(iv) and Federal Rule of Bankruptcy Procedure 1007(b)(1)(E) and (c), Debtor was to have filed certain official bankruptcy documents within fourteen (14) days of the filing of the petition. To schedule the hearing on the UST's Motion to Dismiss after the expiration of twenty-one (21) days would effectively grant the Debtor bankruptcy relief to which they are not entitled.

LIMITED NOTICE

Pursuant to Federal Rule of Bankruptcy Procedure 2002(h) and Local Rule 2002-1, the UST requests that Notice under Fed. R. Bankr. P. 2002 be limited to the Debtor, attorney for Debtor, trustee and any party who has filed a notice of appearance in the case.

MOTION

The UST respectfully moves the Court, pursuant to 11 U.S.C. §§ 1307(c)(1), 521(a)(1)(B) (iv) and(v), and Federal Rules of Bankruptcy Procedure 1007(b) and (c) and 1017(c) for an Order dismissing the above-captioned Chapter 13.  In support of said Motion, the UST states as follows:

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(a) & (b); 28 U.S.C. §§ 157(a) & (b)(1); 28 U.S.C. §151 and Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (B).

2. The Debtor filed for Chapter 13 relief on June 6, 2024.

3. Pursuant to 11 U.S.C. §521(a)(1)(B)(iv) and (v) and Federal Rule of Bankruptcy Procedure 1007(b) and (c), the Debtor was required to file official documents within fourteen (14) days of the filing of the petition.  As of this date, the Debtor has failed to file the following:

   a. Credit Counseling Certificate (Form 101, Part 5, as revised 12/22);

   b. Creditor Matrix (names and addresses of all creditors);

   c. Declaration About an Individual Debtor's Schedules (Form 106Dec as revised 12/15);

   d. Summary of Your Assets and Liabilities and Certain Statistical Information (Form 106Sum as revised 12/15);

   e. Schedule A/B: Property (Form 106A/B as revised 12/15);

   f. Schedule C: The Property You Claim as Exempt (Form 106C as revised 4/22);

   g. Schedule D: Creditors Who Have Claims Secured by Property (106D as revised 12/15);

   h. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106D as revised 12/15);

2

<ol type="i" start="9">
<li>Schedule G: Executory Contracts and Unexpired Leases (Form 106G as revised 12/15);</li>
<li>Schedule H: Your Codebtors (Form 106H as revised 12/15);</li>
<li>Schedule I: Your Income (Form 106I as revised 12/15);</li>
<li>Schedule J: Your Expenses (Form 106J as revised 12/15);</li>
<li>Statement of Financial Affairs for Individuals Filing for Bankruptcy (Form 107 as revised 4/22);</li>
<li>Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1 as revised 12/19);</li>
<li>Chapter 13 Calculation of Your Disposable Income (required if debtor(s) check box 17b in part 2 of form 122C-1) (Form 122C-2 as revised 4/22);</li>
<li>Statement Under Penalty of Perjury re: Payment Advice Due Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv) (Payment Advices Cover Sheet) (See Other Local Forms);</li>
<li>All payment advices or other evidence of payment received within 60 days before the date of the petition from any employer;</li>
<li>Chapter 13 Plan (Local Form 3015-1 as revised 1/22).</li>
</ol>

4. Pursuant to 11 U.S.C. 1307(c)(1), the Court may dismiss a Chapter 13 case for failure to timely file such documents.

WHEREFORE, the UST respectfully requests the Court to enter its Order dismissing the above-captioned case.

Dated:  June 24, 2024

MARY R. JENSEN
Acting United States Trustee
Region 12


s/ Sarah J. Wencil
Sarah J. Wencil
Trial Attorney
U.S. Courthouse, Suite 1015
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350
Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Angela Downey Birosh,                                    **Bankr. No. 24-41479**

      Debtor.                                          **Chapter 13**

---

### CERTIFICATE OF SERVICE

---

      The undersigned declares under penalty of perjury that on June 24, 2024, the following

document was electronically filed:  Notice of Hearing on Motion to Dismiss, thereby generating

electronic service by CM/ECF.  I also served the Debtor by first class mail at the addresses

stated below:

Angela Downey Birosh
411 N 5th Street
Montevideo, MN 56265


Chapter 13 Trustee
CM/ECF


s/ Lilia Serna de Coronado
Lilia Serna de Coronado
Office of the United States Trustee
